UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:22-cr-240-CEH-AEP

DEANDRE RIVIERA LOPEZ

_____

**ORDER**

This matter comes before the Court on Defendant Deandre Riviera Lopez's letter motion seeking to be relocated to federal custody. Doc. 96. The Government filed a response in opposition. Doc. 98. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's motion for relocation to federal prison.

**DISCUSSION**

On June 29, 2022, a grand jury in the Middle District of Florida returned an indictment charging Defendant Lopez with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc. 1. At the time the federal indictment was returned, Defendant Lopez was being held without bond in state custody in two criminal cases in Hillsborough County: (1) Case No. 22-CF-6273-A, where he was charged on May 16, 2022; and (2) Case No. 22-CF-7253-A, where he was charged on or about June 5, 2022. On May 15, 2022, state law enforcement arrested Lopez on the active state arrest warrant for case 22-CF-6273-A. During Lopez's arrest, a loaded firearm was discovered on his person, giving rise to the federal charges under 18 U.S.C.

§ 922(g)(1) in the instant action. A Second Superseding Indictment, charging Lopez with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) was returned on June 21, 2023. Doc. 42. On October 3, 2023, the Court entered Judgment against Lopez following a guilty plea. Doc. 76. Lopez was sentenced to 180 months with a two-year term of supervised release. *Id.* at 2-3.

On May 17, 2024, Lopez filed the instant motion requesting to be relocated to federal custody because of the sub-standard living conditions in state custody where he is currently being housed. Specifically, he complains there is no air conditioning, hot water, nutritious food, or clean living conditions in state custody. He requests to be relocated to federal custody as soon as possible. Doc. 96.

As a preliminary matter, the Court does not have the authority to dictate the place of an inmate's incarceration. Once a court imposes a sentence, the Bureau of Prisons ("BOP") is solely responsible for determining an inmate's place of incarceration to serve that sentence. *See, e.g., Tapia v. United States*, 564 U.S. 319, 331 (2011).

Significantly, in this case, as the Government's response points out, Lopez remained in state custody the entire time and was released only temporarily to the federal court for his arraignment and initial appearance. According to the filings in the state court, Lopez was to be returned to Hillsborough County upon the completion of the federal case. Doc. 98 at 11, 20. After his federal case was concluded, Lopez was returned to state custody and sentenced in the two state cases to seven years for Case No. 22-CF-6273-A and three years for Case No. 22-CF-7253-A. The judgments in

2

those cases both indicated that the sentences would be served concurrently to each other and the federal sentence. Doc. 98 at 9, 19, 27, 33. Upon imposition of the state sentences, Lopez was remanded to the Florida Department of Corrections. *Id.* at 9, 18.

"A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." *Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir. 1950). "Whether a state should surrender a prisoner to the United States is a question of comity affecting the two governments. It involves no personal right of the prisoner." *McDonald v. United States*, 403 F.2d 37, 38 (5th Cir. 1968).[1] Thus, courts have routinely recognized that "a prisoner has no standing to contest an agreement between two sovereigns concerning the temporary exchange of custody of the prisoner . . ., or their agreement as to the order of his prosecution and execution of sentences." *Moody v. Stewart*, No. CV 18-00063-CG-B, 2018 WL 10615237, at *9 (S.D. Ala. Mar. 22, 2018), *aff'd on other grounds sub nom. Moody v. Holman*, 887 F.3d 1281 (11th Cir. 2018) (quoting *Chunn v. Clark*, 451 F.2d 1005, 1006 (5th Cir. 1971) and collecting cases). Lopez fails to direct the Court to any authority that allows him to make a request to be transferred to federal custody or for this Court to grant such relief. Accordingly, his motion is due to be denied. It is hereby

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**ORDERED**:

1. Defendant's Motion for Relocation to Federal Prison (Doc. 96) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 17, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties